Opinion issued October 8, 2009 

 



 



 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00139-CV

____________


ROYALTON CONDOMINIUMS, L.P. AND THE ROYALTON
MANAGEMENT, INC., Appellants


V.


GERRY ALBRIGHT, VIVIAN LEONG, RONALD GENSBURG, HAL
KUNTZ, LUCKY CHOPRA AND ALVIN THOMAS, Appellees






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2008-68400






MEMORANDUM OPINION

 In this case we consider whether an appeal challenging an interlocutory
order is rendered moot after all parties non-suit their claims in the trial court. We
grant appellees' motion to dismiss the appeal for lack of a justiciable controversy.

 BACKGROUND


 Appellees are homeowners who own units in the Royalton at River Oaks
Condominium in Houston, Texas. The appellants are the developers of the
condominium complex.

 The homeowners sought a declaratory judgment that the developer-controlled board of administrators of the condominium complex was illegitimate and
that a new election for the board of administrators must be held. The homeowners
also sought an injunction preventing an improper election and ordering a proper
election. Both sides agreed to a temporary restraining order so that a temporary-injunction hearing could be held.

 The developers then filed a plea to the jurisdiction, arguing that the trial
court lacked subject matter jurisdiction until all of the condominium owners were
joined in the suit and served. The trial court denied the developers' plea to the
jurisdiction and then ordered an election for the board of the condominium complex
to occur. The developers did not file an interlocutory appeal from this ruling. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008).

 In compliance with the temporary injunction order, an election was held and
a new board was elected. On that same date, the developers filed an amended answer
and asserted a claim seeking a declaratory judgment that provisions of the Texas
Uniform Condominium Act control over the language of the condominium
declarations. 

 The homeowners nonsuited all of their remaining claims against the
developers, and the trial court entered an order dismissing the homeowners' claims
against the developers.

 The developers then nonsuited their claims against the homeowners. The
trial court gned an order dismissing the developers' claims against the homeowners. 
No live claims remained in the case. The developers filed a notice of appeal
indicating that they wished to challenge the trial court's denial of their plea to the
jurisdiction. 

MOOTNESS

 The homeowners filed a motion to dismiss the appeal as moot, arguing that
the nonsuit of all live claims deprives this Court of a justiciable issue. We agree.

 In University of Texas Medical Branch at Galveston v. Blackmon, 195,
S.W.3d 98, 100 (Tex. 2008), the daughter of an inmate who died at UTMB filed suit
against the medical facility. UTMB filed a plea to the jurisdiction, which the trial
court denied. Id. UTMB then filed an interlocutory appeal. Id. While the appeal
was pending, the plaintiff non-suited her claim against UTMB. The supreme court
held that, because the plaintiff non-suited her case in the trial court, the court of
appeals lacked jurisdiction to consider trial court's ruling on the plea to the
jurisdiction. Id. at 101. The plaintiffs' nonsuit vitiated the trial court's interlocutory
order denying UTMB's plea to the jurisdiction, thus there was nothing for the
appellate court to review. Id.

 The developers argue that Blackmon is distinguishable because they had
filed claims for affirmative relief, and Blackmon noted that a nonsuit cannot
"prejudice the right of an adverse party to be heard on a pending claim for affirmative
relief[.]" See Id. at 100. However, the developers nonsuited their own claims for
affirmative relief before filing the notice of appeal. Therefore, the developers do not
have any pending claim for affirmative relief in the trial court.

 By dismissing their affirmative claims for relief rather than pursuing them
to final judgment, the developers have rendered moot the trial court's interlocutory
ruling on their plea to the jurisdiction.

CONCLUSION

 Accordingly, we grant the appellees' motion and dismiss the appeal because
of the lack of a justiciable controversy.




 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.